**FILED** DEC 26 2018
Clerk U.S. District Court
Greensboro, NC
BY\_\_\_

| | |
|---|---|
| DEIRDRE L. BOSTICK, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) Jury Trial Demanded |
| CABARRUS COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) 18CV1042 |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, proceeding Pro Se, and complaining of the Defendant, alleges and says:

### NATURE OF COMPLAINT

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including right to be reasonably accommodated, protected by the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Deirdre Bostick (hereinafter "Bostick" or "Plaintiff"), is a citizen of and a resident of Tamarac, Broward County, Florida.

3. Defendant, Cabarrus County Department of Health and Human Services, (hereinafter "Defendant" or "CCDHHS"), is a North Carolina state agency and may be served with process through its County Manager, Mike Downs, 65 Church St. S, Concord, NC 28025.



4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. If CCDHHS could be considered an agency of the State of North Carolina and its employees as state employees, sovereign immunity is not a bar to this suit due to the waiver of same pursuant to State Employee Federal Remedy Restoration Act, § 143-300.35.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

7. Bostick began employment with CCDHHS on or about June 6, 2008.

8. At all times relevant to this complaint, Bostick worked for CCDHHS as an Income Maintenance Coordinator I.

9. Bostick was qualified for her position as Income Maintenance Coordinator I based on training and experience. Additionally, before the events identified in this complaint, Bostick was never warned, counseled, or disciplined regarding her job performance.

10. Bostick suffers from anxiety, depression, and claustrophobia, and CCDHHS was aware of her conditions. These conditions affect Bostick's major life activities including, but not limited to, thinking, concentrating, working, breathing, and interacting with others. These major life activities were substantially limited by her conditions and she was disabled within the meaning of the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008 (hereinafter "ADA").

11. CCDHHS was aware of Bosticks's disabilities and aware of her need for reasonable accommodations so that she could perform the essential functions of her job.

12. After being out on medical leave, Bostick submitted a reasonable accommodation request on or about December 8, 2017 via a letter to the Director, along with a note from her healthcare provider. Her accommodation request stated that due to her conditions, Bostick was requesting that she be placed back in her position at the front desk, instead of in the switchboard room.

13. Bostick also indicated that she would be willing to have a discussion about other alternatives to her request.

14. On or about December 14, 2017, upon her return to work, CCDHHS did not return Bostick to her former position at the front desk or engage in the interactive process with her, and her accommodation request was denied. The denial of her accommodation request forced Bostick to be unable to perform the essential functions of her job.

15. Bostick asserts that there were multiple ways to accommodate her request without undue burden on the Defendant.

16. On December 28, 2017, Bostick was terminated for allegedly failing to return to work.

17. CCDHHS's failure to provide Bostick with the reasonable accommodations led to her discharge.

18. In addition, CCDHHS failed to engage in the interactive process.

19. At all times relevant Bostick was a "qualified employee" as defined by 42 U.S.C. § 12111(5)(A) of the ADA as she had been performing all of the essential functions or could have performed the essential functions with a reasonable accommodation.

20. CCDHHS was a "covered" employer as defined in 42 U.S.C. § 12111(5)(A) of the ADA at all relevant times.

21. On or about February 5, 2018, Bostick filed a charge of discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC).

22. Bostick received her Notice of Right to Sue from the EEOC, with a mailing date of September 21, 2018.

23. This action is filed within ninety (90) days of Bostick's receipt of the Notice of Right to Sue from the EEOC.

**FIRST CLAIM FOR RELIEF**
(Violation of ADA on the basis of Discrimination)

24. Bostick incorporates by reference the allegations of paragraphs 1 through 23 of this complaint.

25. Bostick had a disability as defined by the ADA, at the time she was terminated from employment by Defendant.

26. Bostick was terminated because Defendant refused reasonable accommodations because of her disability.

27. Defendant's termination of Bostick because of her disability and/or its disparate treatment of her due to her disability even though she was otherwise qualified for her position violates the ADA.

28. Defendant's discriminatory conduct caused and continues to cause Bostick to suffer monetary loss and emotional distress.

29. Whatever reason Defendant claims as reason for termination is pretext.

30. Therefore, Bostick now sues Defendant for violation of the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008.

**SECOND CLAIM FOR RELIEF**
(Violation of ADA for Failure to Provide a Reasonable Accommodation)

31. Plaintiff incorporates by reference the allegations of paragraphs 1 through 23 of this complaint.

32. Plaintiff was a "qualified employee" as defined by 42 U.S.C. § 12111(5)(A) of the ADA with a disability, which substantially limits a major life activity.

33. Defendant was aware of Plaintiff's disability and her need for reasonable accommodations.

34. Defendant intentionally violated the ADA by refusing to provide reasonable accommodations.

35. Defendant's discriminatory conduct caused and continues to cause Plaintiff to suffer monetary loss and emotional distress.

36. Therefore, Plaintiff now sues Defendant for violation of the Americans with Disabilities Act 42 U.S.C. § 12101 et.seq., as amended by The Americans with Disabilities Act Amendments Act of 2008 for failing to provide a reasonable accommodation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the discriminatory/unlawful actions referenced herein.

B. The Court enter an award in favor of Plaintiff and against Defendant for great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's actions as alleged herein.

C. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs including attorney's fees.

D. This matter be tried by a jury

E. The judgment bear interest at the legal rate from the date of filing this action until paid.

F. Defendant be taxed with the costs of this action; and

G. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted, this, the 21st day of December, 2018.

*Deirdre Bostick*

Deirdre L. Bostick
9130 Pershore Place
Tamarac FL 33321
704.490.3950