IN THIS UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEIRDRE L. BOSTICK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 18CV1042 |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| CABARRUS COUNTY | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendant, | ) | |

Cabarrus County, submits this Answer in response to the complaint of the plaintiff.

## FIRST DEFENSE
## LACK OF JURISDICTION OF THE COURT

The plaintiff alleges that on February 5, 2018 she filed a charge of discrimination on the basis of disability with the EEOC. She further alleges that she received her Notice of Right to Sue, with a mailing date of September 21, 2018. A copy of that Notice is attached to this Answer. That Notice advised the plaintiff that if her lawsuit was not filed within ninety (90) days of her receipt of the Notice, that her right to sue is lost. The plaintiff filed this complaint on December 26, 2018, which is more than ninety (90) days

1

from the mail date of the Notice. The plaintiff should have filed this lawsuit by December 20, 2018, according to her complaint. It could not have taken six (6) days by mail for the Notice to have been received by the plaintiff from the EEOC. The claims of discrimination on the basis of disability contained in the charge filed with the EEOC are the same as what is in the complaint. Since this lawsuit was not filed in time, the Court has no jurisdiction in this case.

## SECOND DEFENSE
## SUIT AGAINST WRONG DEFENDANT
## FAILURE TO JOIN A NECESSARY PARTY

In her complaint, the plaintiff alleges that the defendant is "Cabarrus County Department of Health and Human Services", and that it is a North Carolina state agency. There is a North Carolina Department of Health and Human Services, which is a state agency. Cabarrus County has a department of human services which is part of County government. It is not part of North Carolina state government. The County must sue and be sued in its own name.

## THIRD DEFENSE
## RESPONSE TO COMPLAINT ALLEGATIONS

Cabarrus County responds to the allegations of the complaint using the same numbering as is in the complaint.

1. It is admitted that the plaintiff is alleging discrimination on the basis of disability. Except as admitted the allegations of this paragraph are denied.

2. Cabarrus County has no knowledge of where the plaintiff is presently living.

3. Denied.

4. Denied.

5. It is admitted that the Department of Health and Human Services is an agency of the State of North Carolina. Except as admitted the allegations of this paragraph are denied.

6. For the reasons given above, Cabarrus County does not believe that jurisdiction has attached or that the venue is proper.

7. It is admitted that the plaintiff began work for Cabarrus County on or about June 6, 2008. Except as admitted the allegations of this paragraph are denied.

8. It is admitted that the plaintiff worked for Cabarrus County as an Income Maintenance Coordinator I. Except as admitted the allegations of this paragraph are denied.

9. Denied.

10. The plaintiff claims that she suffered from anxiety and depression based on her home life and work life, and was treated for those conditions while she was still

employed by Cabarrus County. The plaintiff has self-diagnosed with claustrophobia, which she claimed after she was moved from the front desk to an adjacent cubicle, even though there was no change in her position, pay, or work duties. Except as admitted the allegations of this paragraph are denied.

11. Cabarrus County became aware that the plaintiff claimed these disabilities and that she began claiming that they arose from the change in her desk location, which was changed by her supervisor because she could not get along with her co-workers who were located at the front desk. Except as admitted the allegations of this paragraph are denied.

12. It is admitted that the plaintiff went out on medical leave when her desk location was changed and that she wanted to have it changed back. No medical provider for the plaintiff stated that her perceived disability was caused by a change in her desk location or that changing it back would be a reasonable accommodation. Except as admitted the allegations of this paragraph are denied.

13. Denied.

14. On December 14, 2017 the plaintiff showed up for work without notifying Cabarrus County that she was coming back from FMLA leave and without a note from her doctor saying that she could return to work. Cabarrus County did not allow her to return to work on that date, since she did not have medical clearance. Except as admitted the allegations of this paragraph are denied.

4

15. Denied.

16. On December 28, 2017 the plaintiff was terminated for not returning to work after her FMLA leave was used up, she was given extra leave and was notified in advanced that she was required to be at work on that date. Except as admitted the allegations of this paragraph are denied.

17. The only accommodation the plaintiff wanted was to be returned to the front desk, which Cabarrus County could not do. Except as admitted the allegations of this paragraph are denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Admitted.

23. Denied.

24. Cabarrus County restates its responses to the allegations of paragraph 1- 23 of the complaint.

25. Denied.

26. Denied.

27. Denied.

5

28. Denied.

29. Denied.

30. Denied.

31. Cabarrus County restates its responses to the allegations of paragraph 1-23 of the complaint.

32. Denied.

33. Cabarrus County was aware that the plaintiff claimed a disability and that she claimed that a reasonable accommodation was to put her back at the front desk. Except as admitted the allegations of this paragraph are denied.

34. Denied.

35. Denied.

36. Denied.

## FOURTH DEFENSE
## GOVERNMENTAL IMMUNITY

The actions of Cabarrus County including those actions alleged are protected from liability by doctrine of governmental immunity, which is a bar to recovery by the plaintiff.

## FIFTH DEFENSE
## NO PROXIMATE CAUSE

6

The actions of Cabarrus County were not the proximate cause of any alleged injury to the plaintiff, which lack of proximate cause if a bar to recovery by the plaintiff.

## SIXTH DEFENSE
## INTERVENING ACTS OF PLAINTIFF

The plaintiff engaged in such actions after any action by Cabarrus County which contributed or caused plaintiff's alleged injury, which actions are a bar to recovery by the plaintiff.

## SEVENTH DEFENSE
## FAILURE TO STATE SUFFICIENT FACTS TO ALLEGE A CLAIM OF VIOLATION OF THE ADA AS AMENDED

The plaintiff has not stated how the disability she claims has substantially limited a major life activity or any facts that show that the change in plaintiff's desk location or any other employment action of Cabarrus County was because of plaintiff's alleged disability.

WHEREFORE, Cabarrus County having answered the allegations of the complaint, pray the Court as follows:

7

1. That the plaintiff have and recover nothing of Cabarrus County and that this action be dismissed with prejudice;

2. For the cost of this action; and

3. For such other and further relief as is just.

This 7th day of March, 2019.

/s/Richard M. Koch
Richard M. Koch
Cabarrus County Attorney
State Bar No. 8360
3320-201 Prosperity Church Road
Charlotte, North Carolina 28269
Telephone (704) 503- 5700
kochlaw@ctc.net

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Deirdre L. Bostick<br>5304 Harmon Pl<br>Kannapolis, NC 28083 | From: | Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2018-01086 | Hattie W. Murphy,<br>Investigator | (704) 954-6531 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Thomas M. Colclough,
Acting Director

SEP 2 1 2018
*(Date Mailed)*

Enclosures(s)

cc: Richard M. Koch
LAW OFFICES OF RICHARD M. KOCH, P.A.
Suite 201 Prosperity Commons
3220 Prosperity Church Road
Charlotte, NC 28269

Kirk J. Angel
THE ANGEL LAW FIRM, PLLC
P.O. Box 1296
Concord, NC 28026

IN THIS UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEIRDRE L. BOSTICK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 18CV1042 |
| | ) | |
| v. | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| CABARRUS COUNTY | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendant, | ) | |

I hereby certify that on the March 7, 2019 pursuant to Fed. R.Civ. P. 5(b) and LCvR 5.3, I electronically filed the foregoing ANSWER with the Clerk of Court utilizing the CM/ECF system of the United States District Court for the Middle District of North Carolina that will send electronic notification of such filing to all registered users. I also certify that a paper copy has been mailed to the plaintiff on this date at the following address:

DEIRDRE L. BOSTICK
9130 PERSHORE PLACE
TAMARAC, FLORIDA 33321
704-490-3950

This the 7th day of March, 2019.

9

/s/Richard M. Koch
Richard M. Koch
Cabarrus County Attorney
State Bar No. 8360
3320-201 Prosperity Church Road
Charlotte, North Carolina 28269
Telephone (704) 503- 5700
kochlaw@ctc.net

10