IN THE UNITED STATES DISTRCIT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEIRDRE L. BOSTICK,<br><br>  Plaintiff,<br><br>  v.<br><br>CABARRUS COUNTY DEPT. OF<br>HEALTH AND HUMAN SERVICES,<br><br>  Defendant. | BRIEF IN SUPPORT OF<br>DEFENDANT'S MOTION TO DISMISS<br>FOR FAILURE TO PROSECUTE<br><br>Case No. 1:18CV1042 |

Defendant Cabarrus County, North Carolina, pursuant to Rule 7.3(a) of the Middle

District of North Carolina Local Rules and Rule 41(b) of the Federal Rules of Civil

Procedure, files this Brief in Support of Defendant's Motion to Dismiss for Failure to

Prosecute. [1]

## I.    Introduction and Summary

Defendant moves for dismissal due to Plaintiff's failure to prosecute this case.

Plaintiff's last action on this case was on January 31, 2019, when she paid the Clerk $50

towards the filing fee pursuant to Magistrate Judge Peake's Order Granting Plaintiff's

Application for Leave to Proceed *In Forma Pauperis* dated January 2, 2019. ECF No. 3.

Since then, the Plaintiff has—

---

[1] The Plaintiff identified the "Cabarrus County Department of Health and Human Services" as the
Defendant in her Complaint. No such department exists. Cabarrus County employed the Plaintiff from
2008 to 2017. During this time, the Plaintiff was assigned to the Cabarrus County Department of Human
Services. As such, Cabarrus County construes the Plaintiff's complaint as naming "Cabarrus County,
North Carolina" as Defendant.

1

(1)  Violated Magistrate Judge Peake's Order by failing to make subsequent

payments;

(2) Failed to appear to the Initial Pretrial Conference held on April 25, 2019;

(3) Failed to notify the Court or the Defendant of the Plaintiff's apparent change of

address; and

(4) Not taken any other action to indicate that the Plaintiff intends to proceed with this

case.

Defendant Cabarrus County asks that the Court grant its Motion to Dismiss so that it

may avoid further cost or other burden from having to defend a case for which the

Plaintiff appears unwilling to pursue.

## II.     Statement of Facts

On December 26, 2019, Plaintiff, appearing *pro se*, filed a complaint against the

"Cabarrus County Department of Health and Human Services" alleging that she

experienced disability-based discrimination in violation of the *Americans with*

*Disabilities Act*. *See* ECF. No. 2, p. 1. On the same day, Plaintiff filed an "Application to

Proceed in District Court without Prepaying Fees or Costs (Short Form)." *See* ECF No. 1.

On January 2, 2019, Magistrate Judge Peake entered an order denying Plaintiff's

request for waiver of filings fees or costs, but allowing the Plaintiff to pay the $400 filing

fee in monthly installments as follows:

As a condition of further proceeding Plaintiff must, within 30 days from the

date of this Order, pay $50.00 to the Clerk toward the filing fee or this action

2

will be dismissed without further notice to her. Plaintiff shall thereafter pay

to the Clerk $50.00 each month or this action will be dismissed without

further notice to her.

ECF No. 3, p.2.

Judge Peake then further warned the Plaintiff as follows:

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER

WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT

FURTHER NOTICE TO PLAINTIFF.

*Id.* at 2.

The docket indicates that the Plaintiff paid $50 to the Clerk on January 31, 2019.

The docket does not show any other payments made by the Plaintiff to the Clerk.

On March 8, 2019, the Clerk notified the parties that the the Initial Pretrial

Conference was set for April 25, 2019. *See* ECF No. 10. On April 18, 2021, Defendant

submitted a Rule 26(f) Report to the Court. *See* ECF No. 11. Plaintiff did not submit a

similar report.

On April 25, 2019, Defendant failed to appear for the Initial Pretrial Conference.

ECF No. 12, p. 1. As a result, the Court warned the Plaintiff as follows:

In the circumstances, Plaintiff is cautioned that she may be subject to

sanctions up to and including dismissal of this action if she failed to appear

or to comply with the Court's orders in this case, and her failure to appear at

3

the Initial Pretrial Conference will be considered by the Court if she fails to

appear or comply with the Court's Orders in the future.

*Id*.

Almost three years have gone by since the Plaintiff has taken any action to pursue her

claim against Cabarrus County. She has not made any disclosures to the County, nor has

she made any attempt at discovery.

Further, public records indicate that the Plaintiff no longer resides at the address of

record, 9130 Pershore Pl, Tamarac, Fl 33321-4175. Instead, voter registration records

maintained by the Broward County Supervisor of Elections indicates that the Plaintiff

changed her address to 5867 Hampton Hills Blvd, Tamarac, Fl 33321-4181 on or around

October 1, 2020. *See* Exhibit 1. Despite residing at this new location for more than a year,

the Plaintiff has not informed the Court of what appears to be her new address.

This case is now scheduled for a jury trial during the January 3, 2022 Master Calendar

Term. *See* ECF. No. 13. Pretrial disclosures are due December 3, 2021 with trial briefs

due by December 16, 2021. *Id.*

### III.    Argument

The Plaintiff's conduct over the past two years indicates that she does not intend to

prosecute this case and multiple explicit warnings from the Court have not yielded any

change in behavior. With a jury trial scheduled in January, Defendant Cabarrus County

faces the costs and burdens that come with preparing for a trial that the Plaintiff seems

unlikely to participate in. Dismissal of this apparently abandoned action would serve to

4

protect the limited resource of the Court and help redirect Cabarrus County's attention towards important public business.

A district court may dismiss a case "[i]f the plaintiff fails to prosecute . . . [and] [u]nless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Rule 41(b) recognizes a power of "ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law[.]" *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (citation omitted). This power "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629-30.

When considering whether to dismiss a case due for lack of prosecution, a court must consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." *Black Water Marine Explorer LLC v. Unidentified Shipwrecked Vessel or Vessels*, 714 F. App'x 296, 297 (4th Cir. 2018) (quoting *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)) (internal quotation marks omitted). "However, the four factors discussed in *Chandler* are not a rigid four-prong test. Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case." *Black Water*, 714 F. App'x at 297 (quoting *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989)) (internal quotation marks omitted).

5

The facts of this case support dismissal under the factors provided in *Chandler*. Application of the first factor supports dismissal because the Plaintiff has proceeded pro se from the outset. This indicates that "she has demonstrated that she is capable of filing pleadings and papers and she alone bears the responsibility for her failure to prosecute her case." *Craft v. Astrue*, No. 1:10CV9, 2012 U.S. Dist. LEXIS 177845, at *4-5 (M.D.N.C. Dec. 17, 2012). While a *pro se* litigant like the Plaintiff is not held to the same standard of attorneys, *see Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980), the Court's previous unambiguous warnings to Plaintiff provide sufficient cause for her to take affirmative action to further her case if she was actually interested in doing so.

The second *Chandler* factor favors dismissal as well. The Defendant has been prejudiced by the Plaintiff's failure to prosecute because the Defendant had to answer the complaint and appear before the court. All the while, the Plaintiff has done nothing that would allow the Defendant to evaluate her suit beyond the vague claims provided in her initial complaint. While Cabarrus County has taken appropriate steps to preserve evidence relevant to this case, the Plaintiff's failure to expand upon her limited complaint heightens the risk that evidence and witness testimony that may have been relevant to its defense has since been lost over the years. These prejudices are likely to compound as the Defendant prepares for trial with no assurance that the Plaintiff will suddenly renew her interest in this case and at least attempt to make the scheduled trial a productive exercise.

The third *Chandler* factor also favors dismissal. While the Plaintiff has not taken affirmative dilatory actions, such as asking repeatedly for extensions, she has not made

6

any attempt at following applicable procedures or orders of the court. If Plaintiff chose to not seek discovery because she thought that there was already sufficient evidence to support her claim, then she should have attempted to resolve the case years ago by seeking Summary Judgement. If she believed that there was a question of fact in this case, then she should have made some attempt at seeking discovery. Instead, nearly three years have gone by since she filed the case— and she has nothing to show for it.

The fourth *Chandler* factor similarly indicates that dismissal is an appropriate sanction because no lesser sanction is likely to remedy the situation. The Court's multiple explicit warnings to the Plaintiff have gone unheeded. There is no reason to think that further warnings, admonishments, or other sanctions will have any meaningful effect other than to continue the burdens on the Court and Cabarrus County.

While all four of the *Chandler* factors support dismissal, the particular circumstances of the case, as determined relevant under the Fourth Circuit's decision in *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), also support dismissal. In *Ballard*, the Court noted that the "Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact[,]" *Id*. at 95 (citing omitted). The Court explained this fact's importance as follows:

The warning itself was reasonable as the case had been pending for a year with no clarification of the charges against several defendants. In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse.

*Id*. at 96.

The facts of this case are no different. The Court has warned the Plaintiff that her failure to abide by its orders and participate in the case would result in sanctions, including dismissal, and that such sanctions could come without further warning. Nonetheless, the Plaintiff has failed to heed these warnings. Left unaddressed, such neglect would only serve to invite further abuse of our judicial system.

Further, Plaintiff's failure to notify the Court or the Defendant of her likely new address constitutes a failure to prosecute onto itself. *See Greeson v. Colvin*, No. 1:13CV906, 2015 U.S. Dist. LEXIS 7745, at *7 (M.D.N.C. Jan. 23, 2015) (citing to various cases dismissing for failure to prosecute because plaintiff did not provide the court with an updated address). Such failure also violates Rule 11.1(b) of the Middle District of North Carolina Local Rules, which requires that *pro se* parties "keep the Court and opposing parties advised as to his or her current address." While this rule provides for the dismissal of an action without prejudice after a *pro se* litigant does not update their address, it does not preclude dismissal with prejudice when such failure is part of a litigant's overall abandonment of their case.

Overall, the Plaintiff has had ample opportunity to demonstrate her interest in pursuing her claim against Cabarrus County. Allowing this case to continue to trial would only serve to undermine the solemnity of our courts and divert Cabarrus County's attention from important public business.

8

WHEREFORE, Defendant Cabarrus County, North Carolina hereby requests that this

action be dismissed with prejudice pursuant to F. R. Civ. P. 41(b).


Respectfully submitted, this the 7th day of October, 2021.

/s/ David B. Goldberg
David B. Goldberg, NC Bar No. 49229
Deputy Cabarrus County Attorney
PO Box 707
Concord, North Carolina 28026
Telephone: (704) 920-2408
Email: dbgoldberg@cabarruscounty.us

Richard M. Koch, N.C. Bar No. 8360
Cabarrus County Attorney
3320-201 Prosperity Church Road
Charlotte, North Carolina 28269
Telephone: (704) 503-5700
lawoffice@RichardKochLaw.com

**ATTORNEYS FOR THE DEFENDANT**

9

## CERTIFICATE OF WORD COUNT

This is to certify that the foregoing brief contains fewer than 6,250 words, after excluding the caption, signature lines, and certificate of service. Therefore, the foregoing brief complies with the length limitations set by Local Rule 7.3(d)(1). The basis for this certification is the word count feature of the word processing software used to prepare this brief.

/s/ David B. Goldberg
David B. Goldberg, NC Bar No. 49229
Deputy Cabarrus County Attorney
PO Box 707
Concord, North Carolina 28026
Telephone: (704) 920-2408
Email: dbgoldberg@cabarruscounty.us