IN THE UNITED STATES DISTRCIT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEIRDRE L. BOSTICK,<br><br>　Plaintiff,<br><br>　　v.<br><br>CABARRUS COUNTY DEPT. OF HEALTH AND HUMAN SERVICES,<br><br>　Defendant. | REPLY BRIEF SUPPORTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 1:18-CV-1042 |

Plaintiff's response to Defendant's Motion for Summary Judgment fails to address the motion's arguments. Rather, Plaintiff ignores Defendant's legal arguments. Instead, the Plaintiff offers a series of unsworn or otherwise inadmissible statements and documents that are largely unrelated to the issues before the Court. Plaintiff's response makes clear that she is unable to offer sufficient evidence from which a reasonable jury could return a verdict in her favor. Thus, summary judgment is proper.

### I.    Plaintiff Does Not Dispute That She Filed Her Complaint Late

Defendant argues that Plaintiff failed to file her complaint within the 90-day deadline required under the Americans with Disabilities Act of 1990 (ADA). Instead of addressing this argument, Plaintiff appears to explain the untimeliness of her response to the Defendant's prior Motion to Dismiss. This does nothing to explain why she failed to file her original complaint within the statutory period or why the deadline should not apply to her. As such, the Court should dismiss this case.

1

## II. Court Should Disregard Inadmissible Statements and Documents

Plaintiff counters the Defendant's motion by offering several unsworn or otherwise inadmissible statements and exhibits. This purported evidence is not sufficient for alleging a genuine dispute of material facts necessary to avoid summary judgment. It should be disregarded, leaving little else for which a reasonable factfinder could return a verdict in her favor.

To defeat a Motion for Summary Judgment, the opposing party "must offer evidence that could be presented in a form that would be admissible at trial." *Doe v. Meron*, 929 F.3d 153, 165 (4th Cir. 2019) (citing Fed. R. Civ. P. 56(c)(2)). The nonmovant cannot defeat such motion with "unsubstantiated allegations" alone. *Washington v. City of Charlotte*, 219 F. App'x 273, 277 (4th Cir. 2007). Instead, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)) (internal quotes omitted).

As mentioned, a motion for summary judgment can rely upon an affidavit or declaration that raises a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1)(A). "[A]n affidavit, by definition, is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." *France-Bey v. Holbrook*, No. 1:17cv241, 2019 U.S. Dist. LEXIS 24674, at *20 n.6 (M.D.N.C. Feb. 15, 2019) (quoting *Elder—Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (internal

quotation marks omitted). An unsworn statement may only be considered when "made and signed under the penalty of perjury" pursuant to 28 U.S.C. §1746. *Ansel v. Cooper*, No. 3:10-cv-548-RJC, 2012 U.S. Dist. LEXIS 15851, at *4 (W.D.N.C. Feb. 9, 2012). As such, "while an unsworn statement may be considered on summary judgment, an unsworn statement that has not been made under penalty of perjury cannot." *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 315 (3d Cir. 2019). *Accord France-Bey v. Holbrook*, No. 1:17cv241, 2019 U.S. Dist. LEXIS 24674, at *20 n.6 (M.D.N.C. Feb. 15, 2019) (citing *In re French*, 499 F.3d 345, 358 (4th Cir. 2007) (Whitney, J., concurring); *Reeves v. Hubbard*, No. 1:08CV721, 2011 U.S. Dist. LEXIS 110320, at *18 n.14 (M.D.N.C. Sep. 23, 2011); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).

Despite appearing *pro se*, the Plaintiff knew she had a duty to offer admissible evidence, including affidavits and declarations, to defend against the instant motion. In its *Roseboro* letter to the Plaintiff, ECF. No. 28, the Clerk clearly instructed the Plaintiff that it would be necessary to "file affidavits or evidence in rebuttal" to the Motion for Summary Judgment. The letter made clear that "affidavits must be made on personal knowledge, contain facts admissible in evidence and be made by one shown to be competent to testify."

Despite these warnings, the Plaintiff relies entirely on unsworn statements not made under penalty of perjury and other inadmissible statements and documents. Plaintiff makes numerous factual claims in her response brief, none of which are made under

penalty of perjury or supported by admissible evidence. This includes Plaintiff's unsworn statement from 2018, Ex. F, ECF No. 31-6.

The seven letters included in Plaintiff's Exhibit G, ECF No. 31-7, are similarly problematic. None of the letters are made under oath or penalty of perjury. Regardless, insofar as the letters speak to Plaintiff's character, *see* Plaintiff's Brief at 2, such evidence is inadmissible under Fed. R. Evid. 404(a)(1). Where the letters offer evidence relevant to the Plaintiff's claims, much of it is hearsay and outside the personal knowledge of the author. For instance, much of the second paragraph of Ms. Leoniquie Brown's letter makes clear that she is just restating the Plaintiff's claims, rather than speaking about her personal knowledge.

Overall, the Court should not consider any of the unsworn or otherwise inadmissible statements or documents tendered by Plaintiff to create an issue of genuine fact necessary to defeat the instant motion.

### III. Plaintiff Does Not Sufficiently Allege Discrimination

Even if the Court considers the Plaintiff's inadmissible statements and exhibits in her response, they do not adequately respond to Defendant's arguments.

**A. Plaintiff May Have Been Technically Competent at Aspects of Her Job, But She Could Not Perform Other Essential Duties**

First, Defendant argued that Plaintiff was not a "Qualified Individual" subject to protection under the ADA. Cabarrus County supported this by offering several discipline records indicating a history of disruptive behavior, poor customer service, and

4

absenteeism. Plaintiff attempts to undermine portions of this argument by offering self-serving statements about her performance, the character witness letters in Ex. G, and the monthly evaluations in Ex I, ECF No. 31-9. Notably, the last evaluation she offered was dated August 29, 2017. She was placed on non-disciplinary suspension for investigatory purposes on September 14, 2017 amid accusations of "creating a hostile working environment for co-workers and clients." Covington Aff. ¶ 15, ECF No. 27-1 (quoting Ex. H), *see also*, Rose Aff. ¶ 11, ECF No. 27-2. The evaluations do not undermine the legitimacy of her prior disciplinary history or her suspension and later relocation after the evaluations.

Overall, nothing she offered contradicted the County's claims that she was not a "Qualified Individual". Plaintiff may have been technically competent in portions of her job and liked by some co-workers, but she indisputably failed at essential functions of her position, including customer service, getting along with coworkers, and attendance. Plaintiff's failure in these critical aspects of her job were unrelated to any disability she claimed and made her ineligible for legal protection under the ADA.

### B. Working in a Cubicle is Not an Intolerable Workplace Condition

Second, Plaintiff seems to focus her discrimination claim on a constructive discharge theory. This theory, in part, would require her to show that Cabarrus County made her working conditions intolerable to the point where she was forced to quit by moving her away from the front desk. The only new evidence she cites in her response are a picture of a bottle of Lorazepam to be used "before scheduled pet-ct scan", Ex. C, ECF No. 31-3,

5

and a picture of a bottle of Alprazolam to be used "prior to mri scan", Ex. D, ECFR No. 31-4.[1] These pictures only demonstrate that Plaintiff may experience anxiety when placed in a small tube for a period of time, as is the case when undergoing an MRI or PET-CT scan. Those procedures are in no way similar to being seated in a standard cubicle.[2]

She offers no other documentation of her claustrophobia other than the previously tendered letter from Nurse Practitioner Juwairiah Foxx. Ex. K, ECF No. 31-11. The letter stated that Plaintiff reported experiencing claustrophobia, but does not actually diagnose her with this disorder. Defense has no doubt that Plaintiff claimed to have claustrophobia, but we have yet to see any documentation that she was diagnosed by a qualified provider or that such disorder would prevent her from working in the standard cubicle.

As such, Plaintiff has not provided sufficient evidence to allow a reasonable jury to find working conditions intolerable enough to support a constructive discharge claim.

## C. Parties Agree that Plaintiff Did Not Engage in the Interactive Process to Identify Reasonable Accommodations.

---

[1] Lorazepam, also known at Ativan, is a benzodiazepine approved for the treatment of anxiety, insomnia, or sleep difficulty due to anxiety or stress. National Alliance on Mental Illness, *Lorazepam (Ativan)* (accessed on Feb. 1, 2022), https://www.nami.org/About-Mental-Illness/Treatments/Mental-Health-Medications/Types-of-Medication/Lorazepam-(Ativan). Alprazolam, also known as Xanax, is another benzodiazepine approved to treat generalized anxiety disorder (GAD) and panic disorder. National Alliance on Mental Illness, Alprazolam (Xanax) (accessed on Feb. 1, 2022), https://www.nami.org/About-Mental-Illness/Treatments/Mental-Health-Medications/Types-of-Medication/Alprazolam-(Xanax).

[2] Defense counsel obtained pictures of the Plaintiff's workspaces after filing its Motion for Summary Judgment. *See* Exhibit A. These pictures were taken by Infrastructure and Maintenance Area Manager Kyle Bilafer on December 12, 2017 as part of an air quality study taking place at the time. The picture on page 1 shows Plaintiff's station at the front desk. The picture on page 2 shows Plaintiff's station after she was moved. The pictures are being offered to rebut Plaintiff's implication that working in a cubicle was similar to undergoing an MRI or PET-CT scan for the purposes of understanding the impact of her claimed claustrophobia.

Third, Plaintiff's response makes clear that she failed to engage with the County in the interactive process necessary to identify a mutually acceptable reasonable accommodation. Rather, she was not willing to consider anything other than relocation back to the front desk. Her statements do not dispute that she left her workplace on December 14, 2017 after learning that returning to the front desk was not a viable option. She offered no explanation of why she refused to discuss her return after that day, despite multiple attempts by the County.

It is undisputed that Plaintiff failed to work with the County to identify a reasonable accommodation. For this reason, no reasonable factfinder could find that the County failed to offer Plaintiff a reasonable accommodation.

## IV.     Conclusion

As a pro se litigant and the nonmovant in a Motion for Summary Judgment, the Plaintiff is entitled to some flexibility and patience to allow her substantive claims to rise to the surface. Plaintiff has had years to develop her case, but continues to only offer unsworn and otherwise inadmissible statements and evidence inappropriate for summary judgment or trial. Even if admissible, Plaintiff's response and exhibits largely ignored, if not bolstered, Defendant's arguments. Despite Plaintiff's best efforts, a reasonable factfinder will not be able to find that Plaintiff was in fact discriminated against in violation of the ADA and her claims must fail as a matter of law.

Respectfully submitted, this the 1st day of February, 2022.

>/s/ David B. Goldberg
> David B. Goldberg, NC Bar No. 49229
> Deputy Cabarrus County Attorney
> PO Box 707
> Concord, North Carolina 28026
> Telephone: (704) 920-2408
> Email: dbgoldberg@cabarruscounty.us
>
> Richard M. Koch, N.C. Bar No. 8360
> Cabarrus County Attorney
> 3320-201 Prosperity Church Road
> Charlotte, North Carolina 28269
> Telephone: (704) 503-5700
> lawoffice@RichardKochLaw.com
>
> ATTORNEYS FOR THE DEFENDANT

IN THE UNITED STATES DISTRCIT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEIRDRE L. BOSTICK,<br><br>    Plaintiff,<br><br>    v.<br><br>CABARRUS COUNTY DEPT. OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | REPLY BRIEF SUPPORTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - CERTIFICATE OF SERVICE<br><br>Case No. 1:18-CV-1042 |

    I hereby certify that on February 1, 2022, I electronically filed the forgoing REPLY BRIEF SUPPORTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all registered users. I also certify that a paper copy has been mailed to the plaintiff on this date at the following addresses:

> Deirdre L. Bostick
> 5867 Hampton Hills Blvd
> Tamarac, Fl 33321-4181

This the 1ˢᵗ day of February, 2022

> /s/ David B. Goldberg
> David B. Goldberg, NC Bar No. 49229
> Deputy Cabarrus County Attorney
> PO Box 707
> Concord NC 28026
> Telephone: (704) 920-2408
> Email: dbgoldberg@cabarruscounty.us

9

CERTIFICATE OF WORD COUNT

This is to certify that the foregoing brief contains fewer than 3,125 words, after excluding the caption, signature lines, certificate of service and this certificate. Therefore, the foregoing brief complies with the length limitations set by Local Rule 7.3(d)(1). The basis for this certification is the word count feature of the word processing software used to prepare this brief.

/s/ David B. Goldberg
David B. Goldberg, NC Bar No. 49229
Deputy Cabarrus County Attorney
PO Box 707
Concord, North Carolina 28026
Telephone: (704) 920-2408
Email: dbgoldberg@cabarruscounty.us